Josefina CANTELLOPS,
Plaintiff, Appellee,

v.

Juan ALVARO–CHAPEL; C.H.R. Corporation, Flamingo Road Inc., Defendants, Appellants,

Alberto Sepulveda–Giron; San Geminiano Realty Inc.; Natal Hermanos Inc.; Awilda Gandarillas Vda. De Natal; Luis Acevedo; Jane Doe 94CV1585–1; Conjugal Partnership Acevedo–Doe; John Doe Insurance Co.; XYZ Insurance Co., Defendants.

No. 99–2323.

United States Court of Appeals,
First Circuit.

Heard Nov. 15, 2000.

Decided Dec. 18, 2000.

Federico Lora–Lopez for appellants.

Fernando E. Longo–Quinones, with whom Berrios & Longo, P.S.C., was on brief, for appellee.

Before TORRUELLA, Chief Judge, LYNCH, Circuit Judge, and GARCIA–GREGORY,* District Judge.

LYNCH, Circuit Judge.

In this diversity action for breach of contract and tortious interference with contractual relations, the jury returned a verdict for plaintiff. Plaintiff Josefina Cantellops was the sublessor of property in Condado, Puerto Rico, under a lease that required the tenant to get written consent from the lessor, San Geminiano,

before further subleasing it. Cantellops in turn subleased to C.H.R. Corporation, through its representative, Juan Alvaro Chapel. Flamingo Road, another company in the corporate family which Chapel controlled, was to eventually take over the lease from CHR and operate a restaurant there.

Chapel asked Cantellops if the lessor had consented to the sublease by CHR. Cantellops said that San Geminiano had orally consented. But the representative of San Geminiano, Alberto Sepulveda–Giron, denied that. CHR then paid its rent directly to San Geminiano. Cantellops, deprived of the rent and of the property, sued for tortious interference, breach of contract, lack of good faith and unjust enrichment. In the interim, she went into bankruptcy. A jury found for the plaintiff and awarded her $20,000 against Chapel and $70,000 against CHR and Flamingo Road, to be paid jointly and severally.

We address defendants' various challenges to the verdict.

### 1. Lack of Diversity Jurisdiction

■ The district court determined that plaintiff had presented sufficient facts to show she was a domiciliary of Georgia or Florida and all defendants were domiciled in Puerto Rico. That determination is reviewed for clear error. *See Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 11 (1st Cir.1991).

■ The complaint was filed on April 28, 1994. Cantellops' affidavit said in early 1994 she was living in Florida and moved to Georgia. The complaint alleged she was a resident of Georgia. Defendants make much of the complaint's use of the term "resident" instead of "domiciliary" but that attack is misplaced. The district court addressed the issue of domicile. Defendants also rely on evidence, inter alia, that Cantellops' physician was in San Juan and her bankruptcy proceedings in Puerto

* Of the District of Puerto Rico, sitting by designation.

Rico never showed any change of address from her initial address in Puerto Rico.

The district court's decision that there was diversity jurisdiction relied on these facts: 1) in December 1993, Cantellops left Puerto Rico to live with her daughter in Florida and intended to remain there; 2) once in Florida, Cantellops obtained a Florida driver's license on December 22, 1993; 3) Cantellops opened a bank account with Barnett Bank in Florida; 4) she forwarded all of her mail, including Medicare and Social Security benefits, to her Florida address; 5) she began receiving medical services and got her prescriptions in Florida; 6) Cantellops joined several Florida organizations, including the Zoological Society of Florida; and 7) Cantellops thereafter moved to Georgia. The district court accepted these facts as true and they adequately support the court's determination that there was diversity jurisdiction.

## 2. Motion for Judgment as a Matter of Law

Defendants moved for judgment as a matter of law pursuant to Rule 50(a), Fed. R.Civ.P., at the end of plaintiff's evidence at trial. The trial judge said he would prefer to get a jury verdict and denied the motion. The jury verdict came in against defendants Chapel, CHR, and Flamingo Road.

The court found that defendants had not thereafter moved for a Rule 50(b) judgment as a matter of law, as they were required to do within ten days after trial, and so denied their later motion. Defendants say this is not so, that they made the same motion at the close of all of the evidence. This does not help because defendants still must make the motion after the verdict. *See Hammond v. T.J. Litle & Co., Inc.*, 82 F.3d 1166, 1172 (1st Cir.1996). Defendants say in a caption in their brief, without citation to the record and in violation of Fed. R.App. P. 28(e), that they made the motion within ten days after trial. The record does not support the argument. Because defendants failed to comply with Rule 50(b), the trial judge did not err in denying the motion.

## 3. Inconsistencies in Jury Verdict

The jury returned verdicts on special interrogatories twice. The jury gave answers to the first set of interrogatories which defendants argued were inconsistent. The jury was then, by agreement, instructed to answer certain redrafted interrogatories. Defendants argue these second answers are inconsistent: the jury found that the lease agreement between San Geminiano and Cantellops was not verbally modified, that Sepulveda did not verbally consent to waive the need for written consent for Cantellops to sublease the property, and that CHR proved that Cantellops violated the contract by failing to get written consent before subleasing the property. Having answered those questions, the jury was then required to go to Question No. 42, but it did not do so, stopping instead to answer Question No. 33. The claimed inconsistency is that the jury, in answer to Question No. 33, said that plaintiff showed that codefendant Flamingo Road had violated the lease agreement and must pay $70,000. The jury thus found Chapel, CHR, and Flamingo Road liable to plaintiff. The jury also returned a verdict of $40,000 for San Geminiano on its counterclaim against plaintiff (later dismissed on consent of the parties because Cantellops was discharged by bankruptcy proceedings).

Defendants' argument is that the answers to these interrogatories are irreconcilable: Chapel and his companies cannot be found to have violated a contract which the jury found invalid due to plaintiff's failure to get San Geminiano's consent. Therefore, defendants argue, plaintiff could not recover damages for breach of contract, and the jury's verdict is irreconcilable. Defendants timely objected but the trial court refused to resubmit, saying defendants had agreed to the form of the question and from that alone were bound by the verdict. Plaintiff argues the con-

tract was not void due to lack of consent, but voidable, and since it was not declared void, it continued to be legally binding on Chapel.

 We affirm, but on somewhat different grounds. A duty of a trial court faced with an argument that a verdict is inconsistent is to see if the seeming inconsistencies can be reconciled. *See Cool Light Co., Inc. v. GTE Products Corp.,* 973 F.2d 31, 34 (1st Cir.1992) (duty to reconcile the general verdict and the answers to special interrogatories). It would have been helpful to have the trial judge's views on this, which we do not have. Nonetheless, we think that there are theories on which the verdict can be reconciled and so the jury verdict stands. Plaintiff tried the case on a tort theory, an express contract theory, and an implied covenant theory. It was possible for the jury to find that the Chapel defendants had not violated their express contractual obligations but had nonetheless wrongfully interfered with plaintiff's contractual relations with San Geminiano. Alternatively, the jury could have found that while defendants did not violate the express terms of the sublease, they nonetheless violated the covenant of good faith and fair dealing which Puerto Rican law implies into contracts. *See F.D.I.C. v. CNA Cas. of Puerto Rico,* 786 F.Supp. 1082, 1087 n. 5 (D.P.R.1991) (insurance contract); 31 L.P.R.A. § 3375 (1994). True, these apparent reconciliations are not free from doubt, given the wording of the interrogatories. But defendants, who agreed to the wording, bear the risk of any possible ambiguity. *See Anderson v. Cryovac, Inc.,* 862 F.2d 910, 918 (1st Cir.1988) ("It is well settled that a litigant who accedes to the form of a special interrogatory will not be heard to complain after the fact."), *cert. denied,* 498 U.S. 891, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990).

*4. Denial of Motion for New Trial*

 A denial of a motion for a new trial pursuant to Rule 59, Fed.R.Civ.P., is re-

viewed for abuse of discretion. There was no abuse of discretion.

The judgment is *affirmed.* Costs are awarded to Cantellops.